UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| CITIZENS AWARENESS NETWORK, INC.,<br>          Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA<br>and<br>UNITED STATES NUCLEAR REGULATORY COMMISSION,<br>          Defendants | Civil Action No. 04-30114-MAP<br><br>Judge Michael A. Ponser |

### CITIZENS AWARENESS NETWORK'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AGAINST THE UNITED STATES NUCLEAR REGULATORY COMMISSION FOR RELEASE OF A DOCUMENT PURSUANT TO 5 U.S.C. § 552

#### NATURE OF ACTION

1.  This is an action filed under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, for injunctive and other appropriate relief, and seeking disclosure and release of an agency record that the defendant United States Nuclear Regulatory Commission ["NRC"] improperly withheld from plaintiff Citizens Awareness Network, Inc. ["CAN"].

#### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has



1

01

jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

3. CAN is a non-profit environmental organization incorporated in the Commonwealth of Massachusetts and with principal place of business in Shelburne Falls, Massachusetts. CAN made a FOIA request of the NRC through Jonathan M. Block, Attorney at Law, Putney, Vermont. Attorney Block represents CAN in a pending case before the United States Court of Appeals for the First Circuit. Attorney Block made the request to get an NRC document relevant to the Court of Appeals case.

4. Defendant NRC is a federal agency with headquarters in Rockville, Maryland.

## PLAINTIFF'S FOIA APPEAL

5. Counsel for CAN submitted a FOIA request (Req. No. 2004-0160 ) to the NRC via electronic mail on March 15, 2004. *See* copy of the initial request attached hereto as Exhibit 'A'.

6. By form letter dated April 15, 2004 the NRC denied CAN's FOIA request. Copy of NRC's Form 464 Denial of CAN's Initial FOIA Request ( April 15, 2004), attached hereto as Exhibit 'B'.

7. CAN filed a timely appeal of the NRC's denial of CAN's FOIA request by letter of April 27, 2004 (docketed with the NRC on April 28, 2004). Copy of Cover Letter for Appeal attached hereto as Exhibit 'C'; Appeal attached hereto as Exhibit 'D'.

8. NRC replied to the appeal by letter from the NRC's Secretary Annette L. Vietti-Cook, stating that, "Without conceding that the NRC is bound by law to grant your appeal, I have decided to make a discretionary release of a portion of this document–the

portion dealing with section 189a." Ms. Vietti-Cook went on to state, "This is a final agency decision." Copy of Letter from Annette Vietti-Cook (May 11, 2004) attached hereto as Exhibit 'E'; copy of released portions and censored portions fo document attached hereto as Exhibit 'F'.

9. The NRC wrongfully withheld information under exemption 5, item 3 (attorney/client privilege). *Compare* CAN's FOIA Appeal, Exhibit 'D' attached hereto, *with* NRC's Letter Partially Granting CAN's FOIA Request, Exhibit 'E' attached hereto, and Document NRC Provided Under Partial Grant of FOIA Request, Exhbit 'F' attached hereto.

10. The NRC's wrongful withholding of part of the requested document was final agency action for purpose of this appeal. *See* Letter from Annette Vietti-Cook (May 11, 2004), Exhibit 'E' attached hereto, stating "This is a final agency decision."

11. The NRC's exercise of discretion in partially withholding the document at issue violates the FOIA..

12. In order to properly comply with the FOIA, the NRC must provide CAN with a copy of the entire document at issue.

## RELIEF REQUESTED

WHEREFORE, plaintiff requests this Court offer the following relief on an expedited basis:

A.  Provide for expeditious proceedings in this action;

B.  Order the NRC to disclose the requested document to the court in its entirety for the Court's *in camera* inspection and review;

C. Upon completion of inspection and review, declare that the NRC violated the FOIA, and order further relief as follows:

1. Order the NRC to disclose the requested record in its entirety and make a complete copy available to plaintiff;

2. Award plaintiff costs and reasonable attorneys fees incurred in obtaining lawful release of the document at issue; and

3. Grant any other relief the Court deems equitable, just and proper under its authority to redress the statutory violation in this case.

Respectfully submitted:

CITIZENS AWARENESS NETWORK, INC.

BY: *[signature]*

Jonathan M. Block*
First Circuit Bar No. 30343
94 Main Street
P.O. Box 566
Putney, VT 05346
(802) 387-2646 (voice)
(802)-387-2667 (fax)
jonb@sover.net
*Pro hac vice admission filed

*[signature]*

Robert L. Quinn, Esq.
Egan, Flanagan and Cohen, P.C.
67 Market Street
Post Office Box 9035
Springfield, MA 01102-9035
(413) 737-0260 (voice)
(413) 737-0121
rlquinn@eganflanagan.com

4

## List of Exhibits

<u>Exhibit</u>   <u>Description</u>

'A'   CAN's Electronic Filing of FOIA Request (March 15, 2004)

'B'   NRC Form 464 Denial of FOIA Request (April 15, 2004)

'C'   CAN's Letter Transmitting Appeal of NRC FOIA Denial (April 27, 2004)

'D'   CAN's Appeal of NRC FOIA Denial (Docketed April 28, 2004)

'E'   NRC's Letter Partially Granting CAN's FOIA Request (May 11, 2004)

'F'   Document NRC Provided Under Partial Grant of FOIA Request

FOIA/PA REQUEST
Case No. 2004-0160
Date Recd. 3-15-04
Action Off: POOL
Revised Case:

**From:** uid no body <nobody@nrc.gov>
**To:** <foia@nrc.gov>
**Date:** Mon, Mar 15, 2004 1:30 PM
**Subject:** WWW Form Submission

Below is the result of your feedback form. It was submitted by

() on Monday, March 15, 2004 at 13:29:53

---

FirstName: Jonathan

LastName: Block

Company/Affliation:

Address1: 94 Main Street

Address2: P.O. Box 566

City: Putney

State: VT

Zip: 05346-0566

Country: United_States

Country-Other:

Email: jonb@sover.net

Phone: 8023872646

Desc: A note from Howard K. Shapar to Joseph Hennessey (dated April 3, 1967) in which Mr. Shapar explains to Mr. Hennessey "at length" why "the Commission has consistently interpreted the provision [section 189a of the Atomic Energy Act] to require a trial-type hearing."
This record is referenced in footnote 4 of a memorandum from Howard K. Shapar to NRC Chairman AHearne, "Prior Notice Requirement for Rule Change" (June 19, 1980), which is one of the enclosures attached to 70-143 (6/27/80), memo from Commission Peter A. Bradfor to Service List NFS-Erwin Proceeding (June 27, 1980).

FeeCategory: Educational

MediaType:

FeeCategory_Description:

Expedite_ImminentThreatText:

Expedite_UrgencyToInform: on

Expedite_UrgencyToInformText: The information in this request relates directly to whether there is any truth in the NRC's claim--in support of its recent rulemaking changing Part 2 adjudicatory rules--that there

is no congressional requirement for formal hearing processes.
If the requested record information contains the information indicated in the source for this request, a copy of the record and the information in it will be placed before a United States Court of Appeal reviewing the legality of the rule. This information is needed as soon as possible for briefing this matter to the Court.

Waiver_Purpose: Record will be provided to a Court of the United States Court of Appeals.

Waiver_ExtentToExtractAnalyze: If the record contains the information stated in the document referring to it, it will be used in its entirety and referred to in presenting that information to a reviewing court.

Waiver_SpecificActivityQuals: The records will be used in preparation for a case of judicial review of the NRC's recent rulemaking altering the adjudicatory process available to members of the public interested in NRC licensing proceedings. They are part of research into the legislative and agency history of the meaning of section 189a of the Atomic Energy Act of 1954 and as amended. The requester is an experienced attorney who represents a non-profit public interest organization that is seeking judicial review of the recent rulechange. As in previous use of similar material, it will become part of the public record of the case and will also be disseminated as widely as possible through the organization's website.

Waiver_ImpactPublicUnderstanding: If this document contains the information that the referring document states that it does it will provide an extremely crucial insight into the reasons why the AEC claimmed that Congress intended there be a formal hearing process even though the Atomic Energy Act on its face appears silent on that point.

Waiver_NatureOfPublic: All persons who may be affected by the recent NRC rulemaking altering the adjudicatory process--am extremely substantial number of persons--could be affected by release of this information for the indicated intended purposes. In addition, the judges on the panel in the United States Court of Appeal that hears this case will also have a different understanding of the issues on the basis of having access to this document.

Waiver_MeansOfDissemination: The document will be disseminated to the general public by becomming part of the public record in a judicial review of NRC action and will also be available on the requesting organization's web site.

Waiver_FreeToPublicOrFee: Access to information will be free of charge.

Waiver_PrivateCommericalInterest: There is no commerical or private interest. The information will be used by a public interest, non-profit organization whose pruposes are eductional. The information will become part of the public record in the case and generally available to any interested person at no charge on the organization's website.

-----------------------------------------------------------------------

# RESPONSE TO FREEDOM OF INFORMATION ACT (FOIA) / PRIVACY ACT (PA) REQUEST

FOIA/PA NUMBER: 2004-0160
RESPONSE NUMBER: 1
RESPONSE TYPE: ☑ FINAL  ☐ PARTIAL

REQUESTER: Jonathan Block
DATE: APR 1 5 2004

## PART I. -- INFORMATION RELEASED

☐ No additional agency records subject to the request have been located.

☐ Requested records are available through another public distribution program. See Comments section.

☐ APPENDICES — Agency records subject to the request that are identified in the listed appendices are already available for public inspection and copying at the NRC Public Document Room.

☐ APPENDICES — Agency records subject to the request that are identified in the listed appendices are being made available for public inspection and copying at the NRC Public Document Room.

☐ Enclosed is information on how you may obtain access to and the charges for copying records located at the NRC Public Document Room, 2120 L Street, NW, Washington, DC.

☐ APPENDICES — Agency records subject to the request are enclosed.

☐ Records subject to the request that contain information originated by or of interest to another Federal agency have been referred to that agency (see comments section) for a disclosure determination and direct response to you.

☐ We are continuing to process your request.

☐ See Comments.

## PART I.A -- FEES

AMOUNT: $

☐ You will be billed by NRC for the amount listed.
☐ You will receive a refund for the amount listed.
☑ None. Minimum fee threshold not met.
☐ Fees waived.

*See comments for details

## PART I.B -- INFORMATION NOT LOCATED OR WITHHELD FROM DISCLOSURE

☐ No agency records subject to the request have been located.

☑ Certain information in the requested records is being withheld from disclosure pursuant to the exemptions described in and for the reasons stated in Part II.

☑ This determination may be appealed within 30 days by writing to the FOIA/PA Officer, U.S. Nuclear Regulatory Commission, Washington, DC 20555-0001. Clearly state on the envelope and in the letter that it is a "FOIA/PA Appeal."

## PART I.C COMMENTS (Use attached Comments continuation page if required)

SIGNATURE - FREEDOM OF INFORMATION ACT AND PRIVACY ACT OFFICER
Carol Ann Reed

NRC FORM 464 Part II
(6-1998)

U.S. NUCLEAR REGULATORY COMMISSION

# RESPONSE TO FREEDOM OF INFORMATION ACT (FOIA) / PRIVACY ACT (PA) REQUEST

FOIA/PA: 2004-0160

DATE: APR 1 5 2004

APPENDICES: A

## PART II.A -- APPLICABLE EXEMPTIONS

Records subject to the request that are described in the enclosed Appendices are being withheld in their entirety or in part under the Exemption No.(s) of the PA and/or the FOIA as indicated below (5 U.S.C. 552a and/or 5 U.S.C. 552(b)).

☐ Exemption 1: The withheld information is properly classified pursuant to Executive Order 12958.

☐ Exemption 2: The withheld information relates solely to the internal personnel rules and procedures of NRC.

☐ Exemption 3: The withheld information is specifically exempted from public disclosure by statute indicated.

  ☐ Sections 141-145 of the Atomic Energy Act, which prohibits the disclosure of Restricted Data or Formerly Restricted Data (42 U.S.C. 2161-2165).

  ☐ Section 147 of the Atomic Energy Act, which prohibits the disclosure of Unclassified Safeguards Information (42 U.S.C. 2167).

  ☐ 41 U.S.C., Section 253(b), subsection (m)(1), prohibits the disclosure of contractor proposals in the possession and control of an executive agency to any person under section 552 of Title 5, U.S.C. (the FOIA), except when incorporated into the contract between the agency and the submitter of the proposal.

☐ Exemption 4: The withheld information is a trade secret or commercial or financial information that is being withheld for the reason(s) indicated.

  ☐ The information is considered to be confidential business (proprietary) information.

  ☐ The information is considered to be proprietary because it concerns a licensee's or applicant's physical protection or material control and accounting program for special nuclear material pursuant to 10 CFR 2.790(d)(1).

  ☐ The information was submitted by a foreign source and received in confidence pursuant to 10 CFR 2.790(d)(2).

☑ Exemption 5: The withheld information consists of interagency or intraagency records that are not available through discovery during litigation. Applicable privileges:

  ☐ Deliberative process: Disclosure of predecisional information would tend to inhibit the open and frank exchange of ideas essential to the deliberative process. Where records are withheld in their entirety, the facts are inextricably intertwined with the predecisional information. There also are no reasonably segregable factual portions because the release of the facts would permit an indirect inquiry into the predecisional process of the agency.

  ☐ Attorney work-product privilege. (Documents prepared by an attorney in contemplation of litigation)

  ☑ Attorney-client privilege. (Confidential communications between an attorney and his/her client)

☐ Exemption 6: The withheld information is exempted from public disclosure because its disclosure would result in a clearly unwarranted invasion of personal privacy.

☐ Exemption 7: The withheld information consists of records compiled for law enforcement purposes and is being withheld for the reason(s) indicated.

  ☐ (A) Disclosure could reasonably be expected to interfere with an enforcement proceeding (e.g., it would reveal the scope, direction, and focus of enforcement efforts, and thus could possibly allow recipients to take action to shield potential wrongdoing or a violation of NRC requirements from investigators).

  ☐ (C) Disclosure would constitute an unwarranted invasion of personal privacy.

  ☐ (D) The information consists of names of individuals and other information the disclosure of which could reasonably be expected to reveal identities of confidential sources.

  ☐ (E) Disclosure would reveal techniques and procedures for law enforcement investigations or prosecutions, or guidelines that could reasonably be expected to risk circumvention of the law.

  ☐ (F) Disclosure could reasonably be expected to endanger the life or physical safety of an individual.

☐ OTHER (Specify)

## PART II.B -- DENYING OFFICIALS

Pursuant to 10 CFR 9.25(g), 9.25(h), and/or 9.65(b) of the U.S. Nuclear Regulatory Commission regulations, it has been determined that the information withheld is exempt from production or disclosure, and that its production or disclosure is contrary to the public interest. The person responsible for the denial are those officials identified below as denying officials and the FOIA/PA Officer for any denials that may be appealed to the Executive Director for Operations (EDO).

| DENYING OFFICIAL | TITLE/OFFICE | RECORDS DENIED | APPELLATE OFFICIAL |||
|---|---|---|---|---|---|
| | | | EDO | SECY | IG |
| Sandy M. Joosen | Executive Assistant, Office of the Secretary | Appendix A | | ✓ | |

Appeal must be made in writing within 30 days of receipt of this response. Appeals should be mailed to the FOIA/Privacy Act Officer, U.S. Nuclear Regulatory Commission, Washington, DC 20555-0001, for action by the appropriate appellate official(s). You should clearly state on the envelope and letter that it is a "FOIA/PA Appeal."

NRC FORM 464 Part II (6-1998)       PRINTED ON RECYCLED PAPER       This form was designed using InForms

FOIA-2004-0160

## APPENDIX A
## RECORDS WITHHELD IN THEIR ENTIRETY

| NO. | DATE | DESCRIPTION/(PAGE COUNT)/EXEMPTIONS |
|---|---|---|
| 1. | 04/03/67 | To Hennessey from Shapar, Mandatory Hearing Requirements of Section 189 of the Atomic Energy Act; Subjection of Such Hearings to Section 5 of the APA and Section 5(a) of S. 518 (4 pages) Ex. 5 |

JONATHAN M. BLOCK
ATTORNEY AT LAW

94 Main Street
P.O. Box 566
Putney, VT. 05346-0566
802-387-2646 (vox)
-2667 (fax)
jonb@sover.net

April 27, 2004

FOIA/PA Officer
United States Nuclear Regulatory Commission
11545 Rockville Pike
Rockville, MD 20852
Attn: <u>FOIA/PA APPEAL</u>
BY USPS OVERNIGHT MAIL

**FOIA/PA REQUEST**
Case No.: 2004-004A
Date Rec'd: 04-28-04
Specialist: Pool
Related Case: 2004-0160

RE:    APPEAL OF DENAIL OF FOIA/PA 2004-0160

Dear FOIA/PAA Officer:

Pursuant to the directions contained in the form 464 mailed to me in the above matter, I hereby submit the enclosed appeal of the negative determination of FOIA/PA 2004-0160. For your convenience and expedition, I have enclosed an original and five copies of the appeal.

Please let me know at once if there is anything else you require to perfect this filing.

Thank you for your continuing cooperation and assistance in this matter.

Sincerely,

Jonathan M. Block
Attorney for Citizens Awareness Network, Inc.

cc:    Deborah B. Katz,
       Executive Director
       Citizens Awareness Network, Inc.

Before the
UNITED STATES NUCLEAR REGULATORY COMMISSION

*In the matter of*
US NRC DENIAL
OF FOIA/PA 2004-0160

April 26, 2004

## APPEAL OF DENIAL OF FOIA REQUEST

Petitioner, Citizens Awareness Network, Inc. [CAN], by and through its attorney, Jonathan M. Block, hereby petitions that the United States Nuclear Regulatory Commission [Commission or NRC] to reverse its denial of CAN's Freedom of Information Act [FOIA] request FOIA/PA 2004-0160. CAN contends that the NRC should take this action immediately because it erred in determining that the requested document falls under the attorney/client privilege, Exemption 5 of the NRC's FOIA regulations, and failed to act on CAN's request for expedited action in this matter. In support of this appeal, petitioner sets forth supporting facts and law.

## STATEMENT OF FACTS

1. At the beginning of February, petitioner's attorney received from the NRC Public Document Room copies of a set of documents from NRC Materials Docket

70-143 entitled "Memo to Service List, NFS-Erwin Proceeding from [Commissioner] Peter A. Bradford" (June 27, 1980). Commissioner Bradford's memo states:

> At the public session at which the Commission action regarding this proceeding was confirmed, the NRC General Counsel was asked, after the vote was taken, whether he considered the Commission's action legal. The question, coming in the context that it did, seemed misleading as to the nature of the General Counsel's earlier advice. I therefore undertook at the meeting to make the attached documents generally available.

*Id.* Not only did an NRC commissioner distribute this set of documents to the parties to the NFS-Erwin proceeding, the document was also placed in the NRC public document room as part of that case docket, from which it was located upon request by one of the PDR librarians. Public Document Request Number 05365 (January 28, 2004).

2. One of the attachments included in this set is listed as "Memorandum to Chairman Ahearne from Howard K. Shapar, Executive Legal Director, "Prior Notice Requirement for Rule Change" (June 19, 1980). That document includes, in pertinent part, the following disclosure:

> Section 189(a) of the Atomic Energy Act does not specifically state that a hearing shall be "on the record" and in conformity with the Administrative Procedure Act provisions governing adjudications (sections 5, 7, and 8). However, the legislative history of section 189 indicates that such a hearing was intended and the Commission has consistently interpreted the provision to require a trial-type hearing. The rationale for this interpretation was discussed at length in my note to Joseph Hennessey, AEC General Counsel, dated April 3, 1967. In brief, the Commission took the position that the 1957 amendment to section 189 of the Atomic Energy Act, which added a mandatory hearing requirement for the issuance of facility licenses, required the

hearing and decision to comply with the provisions of sections 5, 7 and 8 of the APA. This position was articulated, among other times, when Congress was considering some liberalization of the mandatory hearing requirement in 1961. A panel discussion among Professor Kenneth C. Davis, Professor David E. Cavers, Mr. Lee Hydeman and Dr. Theos J. Thompson was held at the conclusion of the hearings which preceded the enactment of the amendments (Radiation Safety and Regulation, Hearings before the Joint Committee on Atomic Energy, 87 Cong., 1st Sess., pp. 372-389). Professor Davis disagreed with the Commission's view that section 189 required a trial-type hearing and the exchange between Professor Davis and the Commission continued after the close of the hearings. AEC General Counsel Naiden, in a letter dated September 6, 1961 to Mr. Ramey, Executive Director of the Joint Committee on Atomic Energy, stated that "Section 189(a) of the Atomic Energy Act explicitly requires a hearing on the record conducted in accordance with the APA. For the Commission to have made any other interpretation would have been inconsistent with what we believe to have been the intent of Congress in adopting the mandatory hearing requirement." The Commission's interpretation of the mandatory hearing requirement was, in effect, ratified when Congress passed the amendments in 1962. One of these amendments added Section 191 to the Act which authorized the Commission to establish one or more Atomic Safety and Licensing Boards ["...]notwithstanding the provisions of sections 7(a) and 8(a)" of the APA. Sections 7 and 8 of the APA apply only to adjudications required to be determined on the record after opportunity for agency hearing which are subject to the provisions of section 5. Therefore, the exception to permit the use of Licensing Boards in lieu of hearing examiners would not have been necessary unless the trial-type procedures of section 5 were considered to apply to such hearings. Thus, since the adjudicatory provisions of the APA apply to NRC adjudications, the "statutory authority to conduct a legislative hearing in an NRC adjudication" would have to be found in the APA itself. Section 5 of the APA provides that its provisions apply to every adjudication "except to the extent that there is involved

(1) a matter subject to a subsequent trial of the law and the facts de novo in a court;
(2) the selection or tenure of an employee, except a hearing examiner appointed under section 3105 of this title;
(3) proceedings in which decisions rest solely on inspections, tests, or elections;

3

  (4) the conduct of military or foreign affairs functions;
  (5) cases in which an agency is acting as an agent for a court; or
  (6) the certification of worker representatives.

*Id.* at n4, 3-4.

3. On March 15, 2004, after counsel's repeated searches in public databases, and, following the NRC's PDR librarians' failure to turn up the Shapar "note" to Mr. Hennessey, at the suggestion of the PDR librarians, petitioner's attorney filed a FOIA request for it. The request was made using the NRC FOIA office web-based request form. *See* Exhibit 'A' page 3-4, attached hereto.

4. Petitioner asked for expedited action in this matter based upon the need to use the document in a court case:

> The information in this request relates directly to whether there is any truth in the NRC's claim--in support of recent rulemaking changing Part 2 adjudicatory rules--that there is no congressional requirement for formal hearing process. If the requested record information contains the information indicated in the source for this request, a copy of the record and the information in it will be placed before a United States Court of Appeals reviewing the legality of the rule. The information is needed as soon as possible for briefing this matter to the Court.

*Id.* The NRC ignored this request.

5. On April 15, 2004, the FOIA office mailed an NRC Form 464 Part 1 (6-1998) denying the request and refusing to release the document based on FOIA Exemption 5, "Attorney-Client privilege. (Confidential communications between an attorney and his/her client)." See Exhibit 'B', page 2 of 3, attached hereto.

4