UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| **CITIZENS AWARENESS NETWORK, INC.,**<br>*Plaintiff*<br><br>v.<br><br>**UNITED STATES OF AMERICA<br>AND<br>UNITED STATES NUCLEAR REGULATORY COMMISSION,**<br>*Defendants* | Civil Action No. 04cv30114-MAP<br><br>Judge Michael A. Ponser |

## CITIZENS AWARENESS NETWORK'S MEMORAMDUM OF LAW SUPPORTING ITS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Citizens Awareness Network, Inc. [CAN], by its attorney Jonathan M. Block, submits this memorandum of law in support of CAN's Opposition to the defendants Department of Justice's [DOJ's] and Nuclear Regulatory Commission's [NRC's] Motion to Dismiss (August 9, 2004).

### BACKGROUND FACTS

CAN incorporates herein by reference the facts and law as set out in CAN's complaint, including the facts and law in CAN's underlying appeal [Exhibit 'D' to original complaint] to the defendant Nuclear Regulatory Commission [NRC]. *See* Plaintiff's Exhibit 1(Complaint with all original attachments, Exhibits 'A' to 'F').

Researching the case for CAN's petition for review of an NRC rulemaking, *Citizens Awareness Network v. United States Nuclear Regulatory Commission* (1st Cir. Docket No. 04-1145, filed Jan. 27, 2004), CAN submitted a FOIA request on March 4, 2004 for a "note" from NRC's legislative director Howard K. Shapar to NRC's general counsel Joseph Hennessey dated April 3, 1997. Plaintiff's Exhibit 1, CAN's Complaint at ¶5 and Exhibit 'A'; see also Exhibit 'D' ¶¶1-5.

The NRC denied this request and CAN appealed. Plaintiff's Exhibit 1, Complaint at ¶6-7. Subsequently, the NRC produced a portion of the requested document, claiming, that although it was asserting attorney client privilege to justify withholding release of the entire document under FOIA Exemption 5, 5 U.S.C. 552(b)(5), the Secretary of the Commission, "decided to make a discretionary release of a portion of this document--<u>the portion dealing with section 189a</u>." Complaint ¶8, referencing Exhibit 'E' attached to CAN's Complaint (emphasis added).

CAN argued, with well-settled law supporting the appeal to the Commission, that because the contents of the note in question had already been extensively described in a public (i.e., unprotected) document, the Commission had no right to withhold the document, as the privilege had been waived by partial disclosure. *Compare* Plaintiff's Exhibit 1, Complaint ¶ 9, Exhibit 'D' ¶¶1-5 (describing the need

for the document and source and degree of disclosure that had already occurred) *with* Exhibit 'D' at pages 5-9 (legal argument that NRC must release the entire document).

On Friday July 23, 2004, less than one week prior to the filing deadline for CAN's Reply Brief in the case before the First Circuit, *see generally*, docket sheet for No. 04-1145 on PACER, http://pacer.psc.uscourts.gov/uspci.html, the NRC sent a copy of the entire document to CAN's counsel. Motion to Dismiss, Defendants' Exhibit 1.

The NRC Secretary admits, in the July 23, 2004, letter releasing the document, that CAN made the request in order to learn "why 'the Commission has consistently interpreted the provision [section 189a of the Atomic Energy Act] to require a trial-type hearing'." *Id.* The Secretary then states that the withheld portion of the document "consisted of qualified legal opinion concerning proposed legislation not germane to your interest." *Id.* (emphasis added).

Contradicting the basis for this "exercise of discretion", the first sentence of the disputed portion of the note states:

> In view of the foregoing, it would appear difficult for the Commission to take the position, at this point, that the mandatory hearings under section 189 are not subject to sections 5, 7 and 8 of the APA as adjudications required to be determined on the record after opportunity for an agency hearing.

*Id.* at 3, Shapar "note" attached to Secretary Vietti-Cook cover letter (July 23, 2004).[1]

It appears from this sentence that the NRC's prior rationale for withholding the disputed material is not supported by the facts, thus, it was arbitrary, capricious, and an abuse of discretion.

NRC/DOJ continue to maintain that there is a basis in law to support the Secretary's actions, stating, "Courts have construed this provision [Exemption 5] to exempt documents that are normally privileged in the discovery context." Motion to Dismiss at 1, n1. Nowhere in the NRC/DOJ motion or any communication to date has the NRC indicated that it will cease and desist from abusing its discretion in the way described in CAN's Complaint and its Appeal to the Commission.

## ARGUMENT

The NRC's release of the portion of the document at issue does not moot CAN's Complaint because CAN was seeking more than just injunctive relief:

> If...a plaintiff seeks alternative redress (such as money damages) in addition to injunctive relief, the occurrence of the watershed event may not render the controversy moot.

---

[1] CAN contends that Shapar's explanation and conclusion that Congress intended the Commission to hold formal adjudicatory hearings in licensing cases, and the evidence the note provides that this has *long* been the Commission's understanding of the requirements of 189a, is *directly* germane to the basis for CAN's FOIA request. *Compare* Complaint at Exhibit 'A' (read paragraphs entitled 'Desc', 'Expedite - Urgency To Inform Text', 'Waiver - Purpose', Waiver Extent to Analyze', 'Waiver - SpecificActivity - Quals', 'Waiver - Impact Public Understanding', 'Waiver - Nature Of Public') *with* originally disclosed portion of document and accompanying cover letter, CAN's Complaint, Exhibit 'E' *and* final released document and cover letter, Motion to Dismiss, Exhibit 1.

4

*Maine School Administrative Dist. No. 35 v. Mr. R.*, 321 F.3d 9, 17 (1st Cir. 2003.) (citations omitted). The rule the First Circuit followed in *Maine School Administrative District No. 35* is consistent with the well-settled legal principles guiding the court of the United States in cases running the gamut from anti-trust litigation and labor disputes to IDEA and immigration cases. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *DeFunis v. Odegaard*, 416 U.S. 312, 318-319 (1974); *United States v. Phosphate Export Assn.*, 393 U.S. 199, 202-203 (1968); *Gray v. Sanders*, 372 U.S. 368, 376 (1963); *United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953); *Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 42-43 (1944); *United States v. Trans-Missouri Freight Assn.*, 166 U.S. 290, 308-310 (1897); *Maine School Administrative Dist. No. 35 v. Mr. R.*, 321 F.3d 9, 17-19 (1st Cir. 2003); *New Hampshire Right to Life v. Gardner*, 99 F.3d 8, 17-18 (1st Cir. 1966); *Allende v. Shultz*, 624 F. 2d 1063, 1065-1067 (1st Cir. 1985).

> The Supreme Court has said that a court's
>
> jurisdiction, properly acquired, may abate if the case becomes moot because (1) it can be said with assurance that 'there is no reasonable expectation ...' that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. <u>When both conditions are satisfied it may be said that the case is moot</u> because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law.

*County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (emphasis added). Neither

condition has been satisfied in this case--there has been no declaration by this court that the NRC's conduct was an abuse of discretion and violated the FOIA, the court has not enjoined the NRC from such unlawful conduct in the future, nor has the court ordered that CAN compensated for the monetary damage caused by having to appeal to both the NRC and this court.

The Supreme Court also emphasized, moreover, that <u>the defendant</u> must carry the burden of demonstrating mootness <u>and</u> "[t]he burden ... 'is a heavy one'." *Allende v. Shultz*, 624 F. 2d 1063, 1065 (1st Cir. 1985) (quoting *Davis*, 440 U.S. at 631). CAN contends that the NRC/DOJ has not met that burden in this case. The entire NRC/DOJ argument in support of its motion exclusively relies upon the contention that CAN only sought injunctive relief to obtain a document. NRC/DOJ completely ignore the declaratory, equitable and monetary relief CAN requests in its Complaint. *Compare* Plaintiff's Exhibit 1, CAN's Complaint attached hereto, *with* NRC/DOJ Motion to Dismiss. The NRC/DOJ argument rests upon a single "if"--it is valid only *if* CAN asked for nothing more than release of the document. This court can review the situation and decide on the uncontested facts that, beyond the need to declare the NRC abused its discretion and violated the FOIA, it is necessary and proper to enjoin the NRC from continuing to abuse its discretion by illegally withholding documents as it has twice done in this case.

6

Furthermore, the NRC/DOJ reliance on *Maine State Building and Construction Trades Council, AFL-CIO v. United States Department of Labor*, 359 F.3d 12, 17 (1st Cir. 2004) is misplaced. Unlike the appellants in that case, CAN specifically requested *more* than just an order that the NRC produce the entire document at issue. CAN alleged that the NRC's conduct was illegal, and requested the court to provide declaratory and monetary relief to CAN as a remedy for the NRC's illegal use of Exemption 5 of the FOIA to resist production of a document CAN is otherwise entitled to obtain under the FOIA. *See* Exhibit 1 attached hereto, Complaint at ¶¶ 1, 9, 11 (complaint for "injunctive and other appropriate relief", "NRC wrongfully withheld information", "NRC's exercise of discretion ... violates the FOIA"); *see also* Complaint at 3-4, "Requested Relief" ¶ 'C' ("upon completion of inspection and review, <u>declare that the NRC violated the FOIA and order further relief</u>") (emphasis added); *and also id.* at ¶ 'C.2. ("<u>Award plaintiff costs and reasonable attorneys fees incurred in obtaining lawful release of the document</u> at issue") (emphasis added), and *id.* at ¶ 'C.3' ("Grant <u>any other relief the Court deems equitable, just and proper</u> under its authority to redress the statutory violation in this case") (emphasis added).

CAN, in the instant case, has been forced to run the NRC's procedural gauntlet in order to obtain a document it was otherwise entitled to receive upon initial request under the FOIA. The NRC asks this court by dismissing the case as moot to permit

the NRC to evade any review of its illegal actions under FOIA and the NRC's abuse of discretion. It asks this of the court based solely upon the NRC's eleventh hour provision of the document at issue. CAN requests relief from this court in the form of a declaration on the legality of the NRC's conduct. CAN also requests damages in the form of reimbursement of all costs and fees for filing the litigation and all attorneys' fees related thereto.

CAN contends that the law requires this court to maintain jurisdiction of this case in order to provide CAN the relief it requested in the Complaint. As the Supreme Court has noted:

> There is a line of decisions in this Court standing for the proposition that the 'voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot.' *United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953); *United States v. Trans-Missouri Freight Assn.*, 166 U.S. 290, 308-310 (1897); *Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 43 (1944); *Gray v. Sanders*, 372 U.S. 368, 376 (1963); *United States v. Phosphate Export Assn.*, 393 U.S. 199, 202-203 (1968).

*DeFunis v. Odegaard*, 416 U.S. 312, 318 (1974). Tracking the language of *DeFunis*, in this case, the decisions cited by the Court and the doctrine they reflect would be relevant to the issue of mootness had the NRC made a unilateral change in its policy for exercising discretion to release documents such as the one at issue. *Id.* CAN targeted the NRC's withholding of the document at issue on the basis of the NRC's illegal exercise of discretion, and had the NRC voluntarily ceased the complained of

practice, the case would only become moot if there was complete assurance "that 'there is no reasonable expectation that the wrong will be repeated'." *Id.* (*quoting United States v. W. T. Grant Co., supra*, 345 U.S., at 633. (citation omitted)). The reason for this approach is that "[o]therwise, '(t)he defendant is free to return to his old ways.' *Id.* (*quoting W. T. Grant* at 632). "That fact would be enough to prevent mootness because of the 'public interest in having the legality of the practices settled'." *Id.* (*quoting id.*). The fact that the NRC committed the same illegal conduct twice prior to releasing the document, never admitted wrongdoing, and, in fact, indicates in its Motion to Dismiss that it believes the conduct has some lawful basis-- *see* Motion to Dismiss at n1--provides sufficient evidence of a pattern of illegal conduct that will continue unless this court declares it unlawful and enjoins it.

Unlike the plaintiff in *DeFunis*, CAN will be required to "run the gauntlet" of NRC agency appeal and the filing a FOIA complaint in this court were CAN to request a document under similar circumstances. *Compare* the Court's explication in *DeFunis v. Odegaard*, 416 U.S. at 319 *with* the facts as set forth herein above and in Plaintiff's Exhibit 1, CAN's Complaint and attached Exhibits, in particular, CAN's appeal to the NRC, as cited therein.

Were this court to grant defendants' motion to dismiss CAN's Complaint, it would reward the NRC's illegal interpretation of the FOIA Exemption 5, creating a

precedent for the NRC to reply upon when repeating this conduct the next time CAN or any other similarly situated person makes a like request. Yet, the NRC's continuing illegal conduct would evade this court's review. *DeFunis v. Odegaard*, 312 U.S. at 319, *citing Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911); *Roe v. Wade*, 410 U.S. 113, 125 (1973). In fact, in each and every instance under such circumstances, the NRC's illegal actions will evade judicial review. This will discourage FOIA petitioners, such as CAN, from requesting documents they are otherwise entitled to receive due to the incredible cost of obtaining such documents through agency appeal and complaint in a federal district court. There is nothing in the FOIA to indicate that Congress intended to place such burdens on CAN and similarly situated FOIA document requesters. *See generally*, 5 U.S.C. §552 *et seq.*

Finally, it is well established in law that the NRC had no legal right to assert a claim of privilege over the document at issue.

> The burden of establishing the attorney-client privilege rests upon the party claiming it. *Fisher v. United States*, 425 U.S. 391 (1976); *Sneider v. Kimberly-Clark Corp.*, 91 F.R.D. 1, 3 (N.D. Ill. 1980). The privilege attaches:
> (1) where legal advice of any kind is sought
> (2) from a professional legal advisor in his capacity as such,
> (3) the communications relating to that purpose,
> (4) made in confidence
> (5) by the client,
> (6) are at his instance permanently protected
> (7) from disclosure by himself or by the legal advisor,
> (8) except the protection be waived * * * *.
> *United States v. Bein*, 728 F.2d 107, 112 (2d Cir. 1984), *cert. denied, sub. nom. DeAngelis v. U.S.*, 469 U.S. 837 (1984), *quoting United States v. Kovel*, 296 F.2d 918,

10

921 (2d Cir. 1961); accord, *In re Grand Jury Subpoena Duces Tecum*, 731 F.2d 1032, 1036 (2d Cir. 1984); *In re Horowitz*, 482 F.2d 72, 80-81 n. 7 (2d Cir. 1973) *cert. denied*, 414 U.S. 867 (1973), *reh. denied*, 414 U.S. 1052 (1973).

The attorney-client privilege is triggered only by a client's request for legal, as contrasted with business advice, and is "limited to communications made to attorneys solely for the purpose of the corporation seeking legal advice and its counsel rendering it." *In re Grand Jury Subpoena Duces Tecum*, 731 F.2d at 1037. When the ultimate corporate decision is based on both a business policy and a legal evaluation, the business aspects of the decision are not protected simply because legal considerations are also involved. *SCM v. Xerox*, 70 F.R.D. 508, 517 (D. Conn. 1976).

Furthermore, the privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney. *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).

Finally, the party who wishes to claim the privilege must take appropriate action to preserve the confidentiality of the documents. *In re Horowitz*, 482 F.2d at 82; *see also, Teachers Ins., Etc. v. Shamrock Broadcasting Co.*, 521 F. Supp. 638, 645 (S.D.N.Y. 1981).

*Hardy v. New York New, Inc.*, 114 F.R.D. 633, 644-45 (S.D.N.Y. 1987) (citations omitted).[2] CAN contends that, under the legal standards articulated above, the NRC failed to protect its allegedly privileged information. The NRC did not protect Mr. Shapar's extended discussion of the substance of his note to Mr. Hennessey from disclosure to the public. *Compare* the contents of the Shapar 'Memo' quoted in Plaintiff's Exhibit 1, Complaint at Exhibit 'D' ¶¶1-2 *with* the complete Shapar 'Note' attached to the NRC/DOJ Motion to Dismiss as Defendants' Exhibit 1.

By failing to protect from public disclosure that information, the NRC cannot reasonably maintain that there is any privilege protecting the remainder of the

information. A party may not successfully assert the privilege when its conduct is inconsistent with an intention to keep information confidential. *See Hardy v. New York News, Inc.*, 114 F.R.D. 633, 644-45 (S.D.N.Y. 1987) (failure by counsel to segregate confidential information from general corporate files destroys privilege); *see also Donovan v. Fitzsimmons*, 90 F.R.D. 583, 585 (N.D. Ill, 1981) (when allegedly privileged documents are produced without a timely invocation of privilege, the party failing to invoke privilege is deemed to have waived any right to assert it later). Significantly, voluntary or inadvertent disclosure of an otherwise privileged document also waives the right to assert the privilege. *In re Sealed Case*, 877 F.2d 976, 980 (D.C. Cir. 1989) ("If a client wishes to preserve the privilege, it must treat the confidentiality of attorney-client communications like jewels--if not crown jewels.").

Here, the NRC's failure to make *any* effort to protect from disclosure Mr. Shapar's recounting of what the NRC now claims is privileged information shows that the agency did not care to protect that information. Rather than "crown jewels" the agency handled this information as if it were just another can of beans. The FOIA request at issue sought release of a document on the *identical subject* disclosed in the

---

[2] An additional consideration in this case, is whether the privilege should even apply to information sought under the FOIA. *See generally,* "The Government's Attorney-Client Privilege: Should It Have One?" *Public Counsel*, Maryland State Bar Association's Public Counsel Newsletter (January 2000).

*public* Shapar 'memo'. As the NRC failed to invoke the privilege to protect Shapar's detailed description and summary of his note to Hennessey, the waiver of privilege implicit in that disclosure is a complete bar to the NRC's assertion of privilege to all other communications regarding the same subject. *See, e.g., Glenmede Trust Co. v. Thompson*, 55 F.3d 476, 486-87 (3d Cir. 1995); *In re Martin Marietta Corp.*, 856 F.2d 619, 623 (4th Cir. 1988).

The NRC's failure to protect the Shapar "memo" was, moreover, an *implied waiver* of any privilege claim for the subject matter discussed in that memo.[3] The NRC, not a FOIA petitioner such as CAN, must establish that an attorney-client relationship existed, that the particular communication at issue is privileged, *and* that the privilege was not waived. Any disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives the attorney-client privilege. Any voluntary disclosure by the client to a third party waives the privilege not only as to the specific communication disclosed, but also often as to all other communications relating to the same subject matter.

---

[3] An 'implied waiver' occurs when the party asserting a privilege discloses the same subject matter as contained in the allegedly confidential communication to someone outside the privileged relationship. *See generally*, 26A Charles A. Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5722 (1992); *see also Sheet Metal Workers Int'l Assoc. v. Sweeney*, 29 F.3d 120, 125 (4th Cir. 1994) (voluntary disclosure to person outside privileged relationship waives privilege); *accord, United States v. Oloyede*, 982 F.2d 133, 141 (4th Cir. 1993); *In re Martin Marietta Corp.*, 856 F.2d at 623; *In re Grand Jury Proceeding*, 727 F.2d 1352, 1357; *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) (burden on proponent of attorney-client privilege to demonstrate applicability").

The NRC waived its privilege when it placed Mr. Shapar's memorandum in the public document room; it reaffirmed that waiver when it provided a copy to petitioner's counsel in the instant matter. The beans have been out of the proverbial can since NRC Commissioner Peter Bradford placed the Shapar "memo" in the public document room in 1980. Plaintiff's Exhibit 1, Complaint at Exhibit 'D' ¶1. The NRC cannot "re-can" them by reasserting a privilege it waived--particularly when the waiver has now occurred twice: once by releasing a complete description of the contents of the document at issue (Shapar 'memo'), again by releasing nearly all of the document (portion of the Shapar 'note' released May 11, 2004).

The kind of disclosure the NRC made the first time waived the privilege as to the specific information disclosed therein and (significantly) any privilege as to the subject mater of the disclosure, hence, waiving any privilege claim for the contents of the 'note'. *Sheet Metal Workers Int'l Assoc.*, 29 F.3d at 125; *Oloyede*, 982 F.2d at 141; *In re Martin Marietta Corp.*, 856 F.2d at 623; *In re Grand Jury Proceedings*, 727 F.2d at 1357; *U.S. v. Jones*, 696 F. 2d at 1072. The "note" is the detailing of the subject matter of the 'memo'. The NRC knew or should have known (after reading the law supporting CAN's appeal to the Commission) that no lawful privilege attached to it. The NRC's claim of privilege in this matter was a patent abuse of discretion that must not be allowed to recur.

The NRC's continuation of the policy of interpreting such documents as privileged is contrary to the law on attorney-client privilege and cannot justify the use of Exemption 5 in this and like situations. Thus, it also violates the FOIA. This court has the authority under the FOIA, and within the exercise of its equitable jurisdiction, to fashion an appropriate remedy to both assure that the NRC will not continue to violate the letter and spirit of the FOIA, and, at the same time, make CAN whole for the funds its has expended to obtain the document at issue in both an agency adjudication and the case before this court.

## **REQUESTED RELIEF**

CAN renews the requested relief in its Complaint and prays further that this court: (1) deny defendants' motion to dismiss, (2) find that defendants have defaulted in their failure to properly answer the complaint, (3) issue findings of fact, conclusions of law, and an Order, declaring, based upon the uncontested facts in CAN's Complaint and attached Exhibits, that the NRC illegally withheld the document at issue, that its basis for doing so is illegal, and permanently enjoin further like conduct, and (4) further order that, to make CAN whole for all of the costs of pursuing this litigation and its appeal to the NRC, CAN be given thirty days from the date of the Order to file for all of the fees, costs, and reasonable attorneys fees incurred in obtaining the document from the agency and the injunctive and

15

declaratory relief provided by this court.

Respectfully submitted:

*Jonathan M. Block*

Jonathan M. Block on August 17, 2004
First Circuit Bar No. 30343
94 Main Street
P.O. Box 566
Putney, VT 05346
(802) 387-2646 (voice)
(802)-387-2667 (fax)
jonb@sover.net

Of counsel:
Robert L. Quinn, Esq.
Egan, Flanagan and Cohen, P.C.
67 Market Street
Post Office Box 9035
Springfield, MA 01102-9035
(413) 737-0260
rlquinn@eganflanagan.com

cc:   Service List

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below, attorney for the defendants in this case, a copy of the foregoing document by mailing it to her United States Postal Service pre-paid First Class mail:

> Karen L. Goodwin
> Assistant U.S. Attorney
> 1550 Main Street, Room 310
> Springfield, MA 01103-1422

At Putney, Vermont, August 17, 2004.

*Jonathan M. Block*
Jonathan M. Block
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| CITIZENS AWARENESS NETWORK, INC., <br>                             Plaintiff <br> v. <br> UNITED STATES OF AMERICA <br> and <br> UNITED STATES NUCLEAR REGULATORY COMMISSION, <br>                            Defendants | Civil Action No. 04-30114-MAP <br><br> Judge Michael A. Ponser |

## CITIZENS AWARENESS NETWORK'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AGAINST THE UNITED STATES NUCLEAR REGULATORY COMMISSION FOR RELEASE OF A DOCUMENT PURSUANT TO 5 U.S.C. § 552

### NATURE OF ACTION

1. This is an action filed under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, for injunctive and other appropriate relief, and seeking disclosure and release of an agency record that the defendant United States Nuclear Regulatory Commission ["NRC"] improperly withheld from plaintiff Citizens Awareness Network, Inc. ["CAN"].

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has



EXHIBIT
Plaintiff's
#1

1

jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

3. CAN is a non-profit environmental organization incorporated in the Commonwealth of Massachusetts and with principal place of business in Shelburne Falls, Massachusetts. CAN made a FOIA request of the NRC through Jonathan M. Block, Attorney at Law, Putney, Vermont. Attorney Block represents CAN in a pending case before the United States Court of Appeals for the First Circuit. Attorney Block made the request to get an NRC document relevant to the Court of Appeals case.

4. Defendant NRC is a federal agency with headquarters in Rockville, Maryland.

## PLAINTIFF'S FOIA APPEAL

5. Counsel for CAN submitted a FOIA request (Req. No. 2004-0160 ) to the NRC via electronic mail on March 15, 2004. *See* copy of the initial request attached hereto as Exhibit 'A'.

6. By form letter dated April 15, 2004 the NRC denied CAN's FOIA request. Copy of NRC's Form 464 Denial of CAN's Initial FOIA Request ( April 15, 2004), attached hereto as Exhibit 'B'.

7. CAN filed a timely appeal of the NRC's denial of CAN's FOIA request by letter of April 27, 2004 (docketed with the NRC on April 28, 2004). Copy of Cover Letter for Appeal attached hereto as Exhibit 'C'; Appeal attached hereto as Exhibit 'D'.

8. NRC replied to the appeal by letter from the NRC's Secretary Annette L. Vietti-Cook, stating that, "Without conceding that the NRC is bound by law to grant your appeal, I have decided to make a discretionary release of a portion of this document–the

portion dealing with section 189a." Ms. Vietti-Cook went on to state, "This is a final agency decision." Copy of Letter from Annette Vietti-Cook (May 11, 2004) attached hereto as Exhibit 'E'; copy of released portions and censored portions fo document attached hereto as Exhibit 'F'.

9. The NRC wrongfully withheld information under exemption 5, item 3 (attorney/client privilege). *Compare* CAN's FOIA Appeal, Exhibit 'D' attached hereto, *with* NRC's Letter Partially Granting CAN's FOIA Request, Exhibit 'E' attached hereto, and Document NRC Provided Under Partial Grant of FOIA Request, Exhbit 'F' attached hereto.

10. The NRC's wrongful withholding of part of the requested document was final agency action for purpose of this appeal. *See* Letter from Annette Vietti-Cook (May 11, 2004), Exhibit 'E' attached hereto, stating "This is a final agency decision."

11. The NRC's exercise of discretion in partially withholding the document at issue violates the FOIA..

12. In order to properly comply with the FOIA, the NRC must provide CAN with a copy of the entire document at issue.

## RELIEF REQUESTED

WHEREFORE, plaintiff requests this Court offer the following relief on an expedited basis:

A. Provide for expeditious proceedings in this action;

B. Order the NRC to disclose the requested document to the court in its entirety for the Court's *in camera* inspection and review;

3

C.  Upon completion of inspection and review, declare that the NRC violated the FOIA, and order further relief as follows:

1.  Order the NRC to disclose the requested record in its entirety and make a complete copy available to plaintiff;

2.  Award plaintiff costs and reasonable attorneys fees incurred in obtaining lawful release of the document at issue; and

3.  Grant any other relief the Court deems equitable, just and proper under its authority to redress the statutory violation in this case.

Respectfully submitted:

CITIZENS AWARENESS NETWORK, INC.

BY: *[signature]*

Jonathan M. Block*
First Circuit Bar No. 30343
94 Main Street
P.O. Box 566
Putney, VT 05346
(802) 387-2646 (voice)
(802)-387-2667 (fax)
jonb@sover.net
*Pro hac vice admission filed

*[signature]*

Robert L. Quinn, Esq.
Egan, Flanagan and Cohen, P.C.
67 Market Street
Post Office Box 9035
Springfield, MA 01102-9035
(413) 737-0260 (voice)
(413) 737-0121
rlquinn@eganflanagan.com

4