```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS

CITIZENS AWARENESS             )
NETWORK, INC.                  )
            Plaintiff          )
                               )
     v.                        ) No. 04cv30114-MAP
                               )
UNITED STATES OF AMERICA,      )
UNITED STATES NUCLEAR          )
REGULATORY COMMISSION          )
            Defendant          )
```

<u>REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS</u>

The defendants, the United States of America and the United States Nuclear Regulatory Commission ("NRC"), submit this reply memorandum in support of their motion to dismiss the plaintiff's Freedom of Information Act ("FOIA") complaint as moot.

<u>BACKGROUND</u>[1]

On March 4, 2004, the plaintiff submitted a FOIA request to the NRC seeking a "note from Howard K. Shapar to Joseph Hennessey dated April 3, 1997" (hereinafter the "Shapar Note."). The NRC initially denied the request. However, following the plaintiff's administrative appeal, the NRC produced a portion of the note, withholding the remainder as privileged. On June 16, 2004, the plaintiff filed the instant lawsuit seeking release of the complete Shapar Note. On July 23, 2004, the NRC waived the attorney-client privilege and produced the document to the

---

[1] This background is taken from the defendant's Memorandum in Support of Motion to Dismiss. It is repeated here for the court's convenience. Citations to the record are omitted.

plaintiff.

## ARGUMENT

The plaintiff's opposition erroneously focuses on the NRC's initial decision to withhold portions of the Shaper Note, arguing that because the NRC wrongfully withheld the document, the lawsuit is not moot. That argument misses the mark.

Under FOIA, judicial relief is possible only when an agency improperly withholds records. Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 139 (1980). Since it is the allegedly wrongful withholding that gives rise to a FOIA claim, release of the document necessarily renders the lawsuit moot. Anderson v. HHS, 3 F.3d 1383 (10th Cir. 1993). See also Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982).

The court's authority under the Freedom of Information is set forth in 5 U.S.C. § 552(a)(4)(B) as follows:

> On complaint, the district court of the United States . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

"[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform." Perry v. Block, 684 F.2d at 125.[2] The court is "not

---

[2] In this case, the delay, if any, was minimal. The NRC released the bulk of the document two months after the plaintiff's initial

authorized [under FOIA] to make advisory findings of the legal significance of the agency conduct vis-a-vis any requester of information." Id. at 125. "[I]f we are convinced that appellees have however belatedly, released all nonexempt material, we have no further judicial function to perform under the FOIA" Id. See also Crocker v. United States State Department, 628 F.2d 9, 10 (D.C. Cir. 1980) ("[O]nce the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made."). The relief sought by the plaintiff would amount to an impermissible advisory opinion. Cf. Maher v. Hyde, 272 F.3d 83, 86 (1st Cir. 2001).

  The plaintiff attempts to avoid the mootness doctrine by arguing that the challenged conduct is either expected to continue or is "capable of repetition, yet evading review." Plaintiff's memorandum, p. 8. The plaintiff's reliance on those narrow exceptions to mootness is misplaced. The plaintiff's lawsuit challenges the NRC's withholding of a portion of a particular document. There is no allegation of any general "pattern and practice" of misbehavior or abuse that would call for application of those narrow exceptions to the mootness doctrine. See New England Regional Council of Carpenters v.

---

request. The remaining portion was released less than three months later. In all, the process took less than five months.

Kinton, 284 F.3d 9, 18 (1st Cir. 2002) (discussing the exceptions to the mootness doctrine).

The plaintiff makes much of the fact that the document was not released in full until after the lawsuit was filed, arguing that a declaratory judgment and an award of fees and costs is needed to deter such improper "eleventh hour" disclosure. Plaintiff's Memorandum p. 8. That argument is similarly unavailing.[3]

Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598 (2001), held that a party "prevails" for the purpose of attorney's fees only if awarded substantive relief by the court. Id. See also Union of Needletrades v. INS, 336 F. 3d 200, 206 (2d Cir. 2003); Oil, Chemical and Atomic Workers v. D.O.E., 288 F.3d 452, 456-57 (D.C. Cir. 2002). Since there is no relief to be awarded, the plaintiff cannot be entitled to fees or costs.

Rather than coming to grips with the Buckhannon line of

---

[3] Moreover, the timing of the NRC's disclosure cannot be viewed as improper. After the lawsuit was filed, the NRC decided to waive the attorney-client privilege and release the entire document given the age of the document and the private, public, or judicial resources required to defend the litigation. Indeed, the plaintiff, opposing the defendants' motion for leave to file a reply to its 16-page memorandum, argued that as a non-profit organization, it could not afford to engage in extensive motion practice. The defendant had anticipated that the plaintiff would agree to dismissal of the lawsuit upon its receipt of the document; thus the release would have obviated costly litigation.

cases, the plaintiff cites cases discussing general principles of mootness.  These cases do not undercut the fact that there are no records in dispute and nothing for the court to decide.  Therefore, the lawsuit should be dismissed as moot.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MICHAEL J. SULLIVAN<br>United States Attorney |
|  | By: |
|  | /s/Karen L. Goodwin |
|  | KAREN L. GOODWIN<br>Assistant U.S. Attorney<br>1550 Main Street, Room 310<br>Springfield, MA 01103-1422 |
| DATED: August 31, 2004 | (413) 785-0269 |

CERTIFICATE OF SERVICE

   This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery to:

>    Jonathan M. Block, Esquire
>    94 Main Street
>    P.O. Box 566
>    Putney, VT 05346-0566
>
>    Robert L. Quinn, Esquire
>    Egan, Flanagan and Cohen, P.C.
>    67 Market Street
>    P.O. Box 9035
>    Springfield, MA 01102-9035

   This 31st day of August, 2004.

                              /s/ Karen L. Goodwin
                              _____

```
                              KAREN L. GOODWIN
                              ASSISTANT UNITED STATES ATTORNEY
```

addition to the release of the document.